IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN,

    Plaintiff,

v.                                                                                                  Civ. No. 19-548 JB/GBW

NORTHEASTERN NEW MEXICO
DETENTION FACILITY,

    Defendant.

## ORDER DENYING MOTIONS AND
## STAYING PRESCREENING OBLIGATIONS

Before the Court are Plaintiff's *pro se* Motions to Submit Evidence in Connection with his Prisoner Civil Rights Complaint (*docs. 6, 7, 8*). Because Plaintiff is an inmate who seeks redress from a governmental entity or officer, the Court must screen the Complaint pursuant to 28 U.S.C. § 1915A. *Sua sponte* dismissal is required if the Complaint fails to state a cognizable claim or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A(b). Section 1997(e) of Title 42 further provides that a defendant may decline to reply to any action brought by an inmate until the Court orders a response. *See* 42 U.S.C. § 1997e(g)(1)-(2). Prisoner petitions are also excluded from pre-trial case management procedures, including discovery obligations, under the Court's local rules. *See* NMLR 16.3(d). Based on these authorities, the Court finds it is not appropriate to take evidence unless and until Plaintiff's allegations survive initial review. The Court will therefore deny the Motions as premature and

excuse all further obligations until the screening process is complete.

**IT IS ORDERED** that the Motions (*docs. 6, 7, 8*) are **DENIED** as premature and the parties are excused from all pre-screening filings and obligations, including responding to the other's motions, until further Order by the Court.

**IT IS FURTHER ORDERED** that once screening is complete, the Court will enter a separate order either dismissing the Complaint or requiring Defendants to file a responsive pleading.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE