IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN,

    Plaintiff,

v.                                                                                                    No. 19-cv-548 KWR-GBW

NORTHWESTERN NEW
MEXICO DETENTION FACILITY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Woodrow Dunn's Civil Rights Complaint. (Doc. 1-1). Dunn is incarcerated and proceeding pro se. He alleges prison officials refused to provide a telephone book so that he could call his defense attorney. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend.

### BACKGROUND

    Dunn is an inmate at the Northeast New Mexico Detention Facility (NNMDC). At some unspecified time, he requested a telephone book from prison officials. (Doc. 1-1 at 5). Prison officials refused, which allegedly prevented Dunn from contacting his defense attorney. *Id.* Dunn purportedly offered to purchase a telephone book from prison officials, but this request was also denied. *Id.* Based on these facts, Dunn contends NNMDC violated his First Amendment right to free speech; his Sixth Amendment right to counsel; and his Due Process rights. *Id.* at 8. The Complaint seeks $600,000 in damages from NNMDC. *Id.*

    Dunn originally filed the Complaint in New Mexico's Second Judicial District Court, Case No. D-202-cv-2019-03556. NNMDC removed the Complaint to this Court within thirty days of service. Following the removal, Dunn filed twelve supplemental pleadings, letters, and motions to

submit evidence. (Docs. 6-8, 10-13, 15-17, and 19-20). The case is ready for initial review under 28 U.S.C. § 1915A.

## STANDARDS GOVERNING *SUA SPONTE* REVIEW

Because Dunn filed the Complaint against a government official while incarcerated, the matter is subject to screening under 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A; *Carr v. Zwally*, 760 Fed. App'x 550, 554 (10th Cir. 2019) (Section 1915A permits *sua sponte* review of inmate complaints even if they are removed from state court). The Court has discretion to dismiss a prisoner civil rights complaint *sua sponte* under 28 U.S.C. § 1915A "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals" of a cause of action and conclusory allegations, without more, do not suffice. *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* Further, *pro se* plaintiffs should ordinarily be given the opportunity to cure defects in the original

complaint, unless amendment would be futile. *Id.* at 1109.

## DISCUSSION

### A. Rule 8 and the Controlling Pleading.

As an initial matter, the Court must identify the controlling pleading for screening purposes. After filing the Complaint, Dunn submitted twelve supplemental filings. (Docs. 6-8, 10-13, 15-17, and 19-20). The filings are often illegible and appear to address everything from the telephone book issues to general allegations that prison officials acted in "cold blood." (Doc. 6 at 3). The supplemental filings do not comply with Fed. R. Civ. P. 8(a), which requires a short and plain statement of the grounds for relief. As the Tenth Circuit instructs, "[i]t is not the role of … the court … to sort through … voluminous exhibits … to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (citations omitted). *See also Baker v. City of Loveland,* 2017 WL 1485006, * 1 (10th Cir. April 26, 2017) (complaint violates Rule 8 if it "lacks clarity about what each defendant allegedly did to incur liability"). The Court will therefore disregard the supplemental filings and limit its review to the Complaint (Doc. 1-1). If Dunn wishes to pursue any claims he raised in the defective supplemental filings (Docs. 6-8, 10-13, 15-17, and 19-20), he may reassert those claims in a single, amended complaint, as set forth below.

### B. Screening the Constitutional Claims.

The Complaint raises claims under the First Amendment, the Sixth Amendment, and the Due Process Clause. Those claims must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the

3

deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The Complaint fails to meet this standard, for several reasons. First, Dunn fails to identify any individual who personally violated his rights. NNMDC is the only named defendant. It is well established that detention centers are not a 'persons' subject to suit under § 1983. *See McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Blackburn v. Department of Corrections,* 172 F.3d 62 (10th Cir. Feb. 25, 1999) (unpublished).

Even if the Complaint named an individual, the allegations do not demonstrate a federal constitutional violation. To state a First Amendment free speech claim, a plaintiff must allege he engaged in constitutionally protected speech and that the defendant's actions would chill a person of ordinary firmness from continuing to engage in the speech. *See Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir.2000). There is no authority that refusing to provide a phone book would stop an ordinary person from speaking, notwithstanding his inability to recall a phone number. Assuming inmates have a right access the telephone more generally, the Complaint still fails to state a cognizable claim. The Tenth Circuit has held that "an inmate has no right to unlimited telephone use." *Robinson v. Gunja*, 92 Fed. App'x 624, 627–28 (10th Cir. 2004) (quotations omitted). "The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Id.*

The Complaint suggests Dunn was permitted to call his attorney, but prison officials declined to supply the number. The Court cannot conclude this was an unreasonable restriction on his right to access the telephone.

To the extent Dunn intends to raise a First Amendment argument focusing on his right of access to courts, this claim also fails. The constitution guarantees "only [the right] to present ... grievances to the courts." *Lewis v. Casey*, 518 U.S. 343, 350 (1996). The right of access does not require prison officials to supply resources guaranteeing inmates' ability "to litigate effectively once in court" or to "conduct generalized research." *Id.* Further, even if a § 1983 plaintiff can show prison officials denied his access to courts, he must also show the defendant's actions prejudiced him in pursuing a non-frivolous litigation. *See Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). The Complaint does not allege prison officials prevented Dunn from filing any document in court or pursuing a non-frivolous claim.

Dunn also contends the refusal to provide a telephone book violated the Sixth Amendment right to counsel and the Due Process Clause. "The Sixth Amendment right of the 'accused' to assistance of counsel in 'all criminal prosecutions' is limited by its terms: it does not attach until a prosecution is commenced." *Bilder v. Mathers*, 756 Fed. App'x 802, 806 (10th Cir. 2018) (quoting *Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 198 (2008)). Dunn has never been prosecuted in federal court, and the state court filing system reflects he is not involved in any ongoing New Mexico criminal proceeding. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (federal courts may take "judicial notice of the state-court docket sheet"). Dunn was convicted of second-degree murder in 2015, Case No. D-506-CR-2014-00159, and there have been no criminal prosecutions since that case. Accordingly, Dunn has no Sixth Amendment right to contact his

5

attorney.  As to the Due Process claims, there is no authority that prisoners have a due process entitlement to, or liberty interest in, a telephone book.  *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir.1998) ("To make out a due process claim, [plaintiff] must assert the infringement of a protected liberty interest); *Clardy v. Bryant-Kaae*, 2017 WL 6944328, at *1 (D. Or. Nov. 13, 2017) (finding no constitutional violation where prison officials failed to provide access to telephone book).

For these reasons, Dunn has not demonstrated prison officials violated his constitutional rights by refusing to provide a telephone book.  The Court will dismiss the complaint under 28 U.S.C. § 1915A.  The Tenth Circuit counsels that "if it is at all possible that [the *pro se* inmate] can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend."  *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990).  Because Dunn's claims were difficult to discern, the Court will permit Dunn to file a <u>single</u>, <u>legible</u> amended complaint within 30 days of entry of this Order.  If Dunn declines to timely comply or files another complaint that violates Rules 8(a) or 12(b)(6), the Court will dismiss this case with prejudice.

**IT IS ORDERED** that Plaintiff Woodrow Dunn's Complaint (**Doc. 1**) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a cognizable claim.

**IT IS FURTHER ORERED** that within 30 days of entry of this Order, Dunn may file an amended complaint.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE