IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN,

    Plaintiff,

v.                                                      No. 19-cv-548 KWR-GBW

NORTHWESTERN NEW
MEXICO DETENTION FACILITY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court following Plaintiff Woodrow Dunn's failure to file an amended civil rights complaint as directed. Plaintiff is incarcerated and *pro se.* His original complaint, which was removed from State Court, alleged that prison officials refused to provide a telephone book. (Doc. 1-1 at 5). Dunn purportedly offered to purchase a telephone book so that he could call his defense attorney, but this request was also denied. *Id.* The original complaint raised 42 U.S.C. § 1983 claims based on Dunn's First Amendment right to free speech and access to courts; his Sixth Amendment right to counsel; and his Due Process rights. *Id.* at 8. Dunn sought $600,000 in damages from one Defendant, the Northwestern New Mexico Detention Facility (NNMDC). Following the removal to Federal Court, Dunn filed twelve supplemental pleadings, letters, and motions to submit evidence. (Docs. 6-8, 10-13, 15-17, and 19-20).

By a ruling entered June 26, 2020, the Court screened the original complaint, determined Plaintiff failed to state a cognizable claim, and declined to consider the supplemental filings pursuant to Fed. R. Civ. P. 8(a). (Doc. 21); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints); *Carr v. Zwally*, 760 Fed. App'x 550, 554 (10th Cir. 2019)

(Section 1915A permits *sua sponte* review of inmate complaints even if they are removed from state court). The ruling noted that NNMDC is not a 'person' subject to suit under § 1983. *See McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Blackburn v. Department of Corrections,* 172 F.3d 62 (10th Cir. Feb. 25, 1999) (unpublished). The ruling also explained in detail why the refusal to provide a telephone book did not violate the First Amendment, the Sixth Amendment, or the Due Process Clause.

Because Dunn's claims were difficult to discern, the Court permitted him to file a single, legible amended complaint within thirty days of entry of the Order. The ruling explained that the amended complaint could include any claims Dunn raised in the defective supplemental filings (Docs. 6-8, 10-13, 15-17, and 19-20). The ruling also set out the applicable pleading standards for due process claims and First Amendment claims relating to telephone access, freedom of speech, and access to courts. Dunn was warned that if declined to timely amend, the Court would dismiss this case with prejudice.

The deadline to file an amended complaint was July 26, 2020. Dunn did not comply or otherwise respond to the Order. The Court will therefore dismiss this action with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Woodrow Dunn's prisoner civil rights claims (Doc. 1-1) are **DISMISSED WITH PREJUDICE**; and the Court will enter a separate judgment closing the civil case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE